# EXHIBIT A

SERVE THIS COPY

# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL26008905-00

PRINCE WILLIAM Circuit Court

9311 LEE AVENUE, ROOM 314, MANASSAS 20110-

ADDRESS

TO:

RETRIEVEX ACQUISITION CORP. II, CT CORPORATION SYSTEM
4701 COX ROAD
SUITE 285
GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

SEPTEMBER 2, 2026 SMITH, JACQUELINE C Clerk
DATE

by /S/ WHITLEY, CYNTHIA
DEPUTY CLERK

Instructions: DETINUE

Hearing Official:

FORM CC-1400 MASTER 10/13

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

Case No. CL26008905-00

COMMONWEALTH OF VIRGINIA

VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Service No. 1 (Clerk's use only)

PRINCE WILLIAM Circuit Court

CHARLSON BREDEHOFT COHEN BROWN v. RETRIEVEX ACQUISITION CORP. II

RETRIEVEX ACQUISITION CORP. II, CT CORPORATION SYSTEM, 4701 COX ROAD, SUITE 285, GLEN ALLEN, VA 23060-

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[x] COMPLAINT

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   ...........................................................

   or,

   [ ] I am a private process server (list name, address and telephone number below).

   ...........................................................

   or,

   [ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing. I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process. (List name, title and agency below.)

   ...........................................................

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: ...........................

   — Place of service: ........................... STREET ADDRESS, CITY AND STATE

   — Method of service:

| [ ] Personal Service | [ ] Not Found |
|---|---|
| [ ] Being unable to make personal service, a copy was delivered in the following manner:<br>[ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ..........<br>[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).<br>[ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.<br>.......... DATE OF MAILING | |

.......................... DATE      __________________ SIGNATURE

State/Commonwealth of .........................., [ ] City [ ] County of ..........................

Subscribed and sworn to/affirmed before me this .......... day of .........................., 20 ..........

by .......................................... PRINT NAME OF SIGNATORY      TITLE

.......................... DATE      __________________ NOTARY PUBLIC (My commission expires ..........................)

Registration No. ..........................

FORM CC-1407 MASTER 07/18

# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL26008905-00

PRINCE WILLIAM Circuit Court

9311 LEE AVENUE, ROOM 314, MANASSAS 20110-
ADDRESS

TO:

RETRIEVEX ACQUISITION CORP. II, CT CORPORATION SYSTEM
4701 COX ROAD
SUITE 285
GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

SEPTEMBER 2, 2026 — SMITH, JACQUELINE C, Clerk
DATE

by /S/ WHITLEY, CYNTHIA
DEPUTY CLERK

Instructions: DETINUE

Hearing Official: ..........

FORM CC-1400 MASTER 10/13

VIRGINIA:

IN THE PRINCE WILLIAM COUNTY CIRCUIT COURT

| | | |
|---|---|---|
| CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C.<br>11260 Roger Bacon Drive, Suite 201<br>Reston, Virginia 20190<br><br>Plaintiff,<br><br>v.<br><br>RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS<br>4 1st Avenue<br>Peabody, Massachusetts 01960<br><br>Serve: CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, Virginia 23060<br>Registered Agent<br><br>Defendant. | ) | Case No. ______ |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C. ("CBCBN"), by counsel, and for its Verified Complaint against Defendant RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS ("Access" or "Retrievex"), alleges as follows:

**NATURE OF ACTION**

1. This action concerns Access's continued possession and detention of approximately 3,743.4 cubic feet of CBCBN's physical client and business records, which Access has represented comprise approximately 5,800 bankers' boxes (the "Business Records"), at its Manassas Park, Virginia records-storage facility. The Business Records include attorney-client privileged communications, attorney work product, attorney mental impressions and

litigation strategy, confidential discovery materials, medical and financial records, settlement communications and agreements, billing records, client intake materials, and other highly sensitive information.

2. CBCBN is fully paid and current on all invoiced charges due under the parties' agreement (the "Storage Agreement"). CBCBN has unequivocally terminated the storage relationship, repeatedly demanded return of all its Business Records, and arranged for JK Moving to retrieve all boxes. Access has refused to confirm that the boxes will be released and has instead conditioned retrieval and account termination upon payment of disputed additional charges and processing through an unidentified "Termination Team."

3. The urgency of obtaining immediate possession is heightened by two separate incidents, more than a year apart, in which checks drawn by CBCBN, made payable to Access and sent to Access, were intercepted, altered, and presented or attempted to be presented for deposit into bank accounts associated with other persons. After the first theft, CBCBN notified Access and sought its assistance. Access provided no meaningful assistance, undertook no apparent investigation, and did not advise CBCBN of any corrective or preventive measures. A year later, a second payment sent to Access was similarly diverted. Access again refused meaningful assistance. There was no attempt to divert any other CBCBN payment to any other vendor during the intervening year.

4. The repeated, Access-specific nature of the payment diversions, Access's knowledge of the first occurrence, its failure to investigate or take apparent remedial action, the recurrence of the same type of conduct more than a year later, and Access's continuing refusal to cooperate, reasonably support the inference that one or more persons with access to or knowledge of the Access-directed payments were involved; and that Access, and/or persons acting with it, knew of, participated in, facilitated, tolerated, or deliberately failed to stop the

diversion scheme. These circumstances create a serious and objectively reasonable concern that persons with access to CBCBN's Business Records may likewise access, misuse, copy, alter, conceal, leverage, destroy, or otherwise exploit highly confidential client information for extortionate, fraudulent, or other unlawful purposes.

5. CBCBN therefore seeks immediate possession of its Business Records through detinue and pretrial seizure.

## PARTIES

6. Plaintiff CBCBN is a professional corporation organized under the laws of the Commonwealth of Virginia, with its principal office in Reston, Virginia.

7. Defendant Retrievex Acquisition Corp. II is a Delaware corporation doing business as Access. It is registered to do business in Virginia and operates a records-storage facility at 9101 Owens Drive, Manassas Park, Virginia 20111.

8. Access is a records and information management company that provides commercial document storage, physical document warehousing, records retention, and related services.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction pursuant to Va. Code § 17.1-513 because CBCBN seeks possession of specific personal property, injunctive and equitable relief, compensatory damages in an amount to be proven at trial.

10. Access is subject to personal jurisdiction in Virginia because it is registered to do business here, regularly transacts business here, operates the Manassas Park facility where the CBCBN Business Records are stored in Virginia.

11. The specific personal property at issue is located in Manassas Park, Virginia, and is presently being detained there.

12. Venue is proper in this Court under Va. Code § 8.01-262 because Access regularly conducts substantial business in Manassas Park, the specific personal property is located and detained there.

13. This action is principally an immediate possessory action concerning specific tangible personal property physically located in Manassas Park, Virginia and presently detained there. Virginia has a direct and substantial contra in determining the right to possession of tangible property within the Commonwealth and in preventing its wrongful detention, concealment, transfer, destruction, compromise, or misuse.

14. Virginia Code § 8.01-262 specifically recognizes venue where personal property sought to be recovered is physically located. Virginia Code §§ 8.01-114-117, and §§119-121 further establish a Virginia statutory procedure for pretrial seizure and delivery of specific personal property through process directed to the Sheriff or other proper officer.

15. CBCBN seeks the immediate recovery, preservation, and protection of approximately 5,800 boxes of specific tangible Business Records located in Virginia, together with enforcement of independent duties governing Access's present possession, custody, and detention of those Business Records in Virginia.

## FACTUAL ALLEGATIONS

16. Access obtained CBCBN's Business Records solely to provide storage and related services. CBCBN has terminated the storage relationship, is fully paid and current on all invoiced charges due, and has repeatedly demanded delivery of all Business Records.

17. Access presently holds approximately 3,743.4 cubic feet of CBCBN's Business Records, which Access has represented comprise approximately 5,800 bankers' boxes..

18. The Business Records are unique and irreplaceable as information assets. They contain privileged communications, attorney work product, attorney mental impressions,

litigation files, confidential productions, medical information, tax and financial information, confidential settlement negotiations and agreements, billing files, and other sensitive client and business materials.

19. In June 2025, CBCBN discovered that a check it had written and sent to Access for storage fees had been intercepted, altered, and deposited or negotiated in the name of a person identified as Shequanna Thomas rather than Access.

20. CBCBN immediately contacted Access. CBCBN sought Access's assistance in determining what occurred, asked whether the person involved was associated with Access, and reported the theft to law enforcement, including the United States Postal Inspection Service.

21. Access refused meaningful assistance. It did not disclose any meaningful internal investigation, did not explain how a payment specifically directed to Access had been diverted, did not identify any employee or contractor implicated or cleared, did not describe any corrective measures, and did not otherwise cooperate in a manner proportionate to the seriousness of the incident. Its primary response was to demand replacement payment of the invoice.

22. CBCBN did not experience a comparable theft or diversion of a payment to or from any other vendor during the ensuing year.

23. In July 2026, a second CBCBN check drawn to Access was intercepted and altered. This time CBCBN's financial institution reported that a person identified as Bryan Chambliss attempted to deposit the altered check into another account.

24. CBCBN again notified Access, sought its assistance, and reported the matter to law enforcement and the United States Postal Inspection Service.

25. Access again provided no meaningful assistance, disclosed no meaningful investigation, and offered no explanation, remedial action, or assurance that the source of the repeated Access-specific payment diversions had been identified or stopped.

26. Two separate checks, each directed specifically to Access, were thus diverted in substantially similar fashion more than a year apart, while no comparable diversion occurred with CBCBN's payments to any other vendors. The second occurrence happened after Access had actual notice of the first and an opportunity to investigate and implement preventive measures.

27. Upon information and belief, the recurrence of the same Access-specific diversion after Access had notice of the first incident, together with Access's persistent refusal to investigate or cooperate, supports a reasonable inference that one or more persons with access to or knowledge of Access-directed payments were acting in concert, and that Access and/or persons associated with it knew of, participated in, facilitated, tolerated, concealed, or deliberately failed to stop the scheme.

28. The diversion scheme was designed to obtain CBCBN's money by deception and conversion and to interfere with CBCBN's business operations. At minimum, it exposed CBCBN to repeated theft and forced CBCBN to devote substantial professional and administrative resources to protecting its funds and investigating the diversions.

29. Because Access simultaneously possessed thousands of boxes containing privileged and highly confidential information, the recurrence of targeted payment diversion and Access's unexplained refusal to investigate or cooperate created an immediate and grave concern regarding the security of the Business Records.

30. CBCBN reasonably concluded that it could no longer entrust its clients' privileged and confidential information to Access and decided to terminate the storage relationship and remove all Business Records from Access's possession.

31. On July 22, 2026, Access Regional Account Executive Brenda Medlin discussed retrieval and destruction options with CBCBN's Office Manager, Kathryn Baker, and stated that she would explore options and respond.

32. After Access failed to provide a timely final response, CBCBN followed up on July 31, 2026 and notified Access it would pick up its property.

33. Access then supplied changing and escalating quotes for retrieval, destruction, permanent removal, and account termination. Access asserted unjustified rates - even applying a 5% annual increase through 2026 - based upon annual increases that Access contended "would have been expected."

34. Access also suggested with no basis that it would likely be "more cost-effective" for Access itself to destroy CBCBN's Business Records than for CBCBN to retrieve them.

35. When CBCBN stated it would pick up the Business Records and destroy them elsewhere (to ensure their safety), Access asserted that retrieval and staging of the project would require approximately four to six weeks.

36. On August 5, 2026, Access responded that CBCBN would incur both retrieval and permanent-removal charges, and asserted an estimated total of approximately $64,759.02 for pickup, based on a $7.07 retrieval rate and a $10.54 permanent-removal rate for most of the inventory.

37. Access stated that if CBCBN intended to permanently remove its Business Records and close its account, the account would be transitioned to a "Termination Team," which would handle pricing, fees, and rate negotiations.

38. On August 6, 2026, CBCBN unequivocally notified Access that it was permanently removing all boxes, that JK Moving was scheduled to pick them up at 9:00 a.m. on

September 9, 2026 (now September 14, 2026), and requested confirmation that all boxes would be available.

39. CBCBN expressly rejected Access's asserted fee schedule and reserved all rights and objections while emphasizing that its immediate priority was retrieval of its property and protection of client information.

40. CBCBN also explained in writing that the repeated payment breaches, Access's lack of assistance or apparent concern, and CBCBN's obligation to preserve confidentiality and attorney-client privilege made continued storage with Access untenable.

41. On August 19, 2026, CBCBN sent a further written demand by Federal Express to Access's Manassas Park facility confirming termination of the storage relationship, demanding that all boxes be available for pickup by JK Moving on September 9 (now September 14, 2026), and again stating that CBCBN did not agree to the asserted fee schedule.

42. Despite these repeated demands, Access has not provided unconditional confirmation that all Business Records will be assembled and released to CBCBN on September 9, 2026 (now September 14, 2026). Instead, it has tied account closure and retrieval to additional pricing and "final payment requirements" to be administered by its Termination Team.

43. Access's continued detention is particularly alarming because Access has already proposed destruction as an alternative, has failed to provide meaningful assurances concerning the security of CBCBN-directed payments, and controls the precise location, custody, movement, and access history of every Business Record.

44. The fair market value of the tangible paper Business Records at $5,800. This estimate is based on Access's representation that the inventory consists of approximately 5,800 boxes.. The $5,800 figure is an estimate of the fair market value of the tangible paper property for statutory possessory purposes only; it does not measure the unique, privileged, confidential,

and irreplaceable information contained in the Business Records, which is not susceptible to meaningful fair-market valuation.

**COUNT I - DETINUE AND IMMEDIATE POSSESSION**
**Va. Code §§ 8.01-114 et seq.**

45. CBCBN incorporates the preceding paragraphs as though fully set forth herein.

46. CBCBN owns, is the legal custodian of, and has the present and immediate right to possess the Business Records.

47. The Business Records are specific and identifiable tangible personal property. Access has physical possession and control of them at its Manassas Park facility.

48. CBCBN repeatedly and unequivocally demanded that all Business Records be released for pickup, including written demands on August 6 and August 19, 2026, and scheduled JK Moving to retrieve all boxes on September 9, 2026 ((now September 14, 2026).

49. CBCBN is fully paid and current on all invoiced amounts due under the Agreement. Access nevertheless has refused to provide unconditional confirmation of release and has conditioned return upon disputed additional charges and account-termination requirements that is refuses to provide.

50. Access's continued possession after CBCBN's demand and after any lawful basis to withhold the Records has ceased constitutes unlawful detention.

51. For purposes of this detinue action and any pretrial-seizure bond, the estimated fair market value of the tangible paper Business Records is $5,800, based on approximately 5,800 boxes at the Agreement's declared value of $1.00 per box or carton. The informational content of the Records is unique, privileged, confidential, irreplaceable, and not susceptible to meaningful fair-market valuation.

52. CBCBN has suffered and continues to suffer damages from the wrongful detention, including loss of possession and control, administrative and inconvenience, and other direct damages recoverable by law.

53. CBCBN is entitled to judgment for possession of the Business Records, immediate pretrial possession pursuant to Va. Code §§ 8.01-114 *et seq.*, and damages for their wrongful detention.

**COUNT II – ACCOUNTING**

54. The foregoing allegations are incorporated as if realleged herein.

55. Access has retained possession of CBCBN's Business Records despite CBCBN's requests for the return of the Business Records.

56. CBCBN has thus been deprived of the ability to determine the condition of the client records it possesses that reflect these amounts, access to the records and any movement of the records.

57. Access has a duty to provide CBCBN with a full and complete inventory of CBCBN's property it possesses, as well as an itemization of each element of costs it is claiming.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C. respectfully requests that the Court enter judgment in its favor and against Defendant RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS and grant the following relief:

a) On Count I, adjudge CBCBN entitled to immediate possession of all Business Records, order their return, issue such pretrial seizure order or other process as authorized by Va. Code §§ 8.01-114 *et seq.*, and award damages for wrongful detention;

b) On Count II, require Access to preserve and provide a complete inventory of CBCBN's Business Records, including box identifiers, movement history, chain-of-custody information, and any records reflecting access, scanning, copying, removal, destruction, disclosure, or other handling of the Records; and

c) Enter preliminary and permanent injunctive relief prohibiting Access and those acting with it from destroying, altering, copying, disclosing, transferring, relocating, accessing except as strictly necessary to inventory and return, or otherwise disposing of or interfering with any Business Record pending final delivery to CBCBN; and

d) Award such other relief as the Court deems just and proper.

**JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

September 2, 2026

Respectfully submitted,

CHARLSON BREDEHOFT COHEN
BROWN & NADELHAFT, P.C.

By: */S/ CARLA D. BROWN*
Carla D. Brown, VSB No. 44803
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
cbrown@cbcblaw.com
(703) 318-6800 Telephone
(703) 318-6808 Facsimile
*Counsel for Plaintiff*

Certified, Prince William Circuit, Jacqueline C. Smith, Esquire, Clerk, Verify at https://risweb.vacourts.gov/jsra/CdvAct/ (Document ID:153-42760)

VIRGINIA:

IN THE PRINCE WILLIAM COUNTY CIRCUIT COURT

| | |
|---|---|
| CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C.<br><br>Plaintiff,<br><br>v.<br><br>RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS<br><br>Defendant. | Case No. CL26008905-00 |

**ORDER GRANTING PRETRIAL SEIZURE AND DELIVERY OF PROPERTY PENDENTE LITE**

THIS MATTER CAME BEFORE THE COURT on Plaintiff Charlson Bredehoft Cohen Brown & Nadelhaft, P.C.'s ("CBCBN") Verified Petition in Detinue for Pretrial Seizure pursuant to Virginia Code §§ 8.01-114 *et seq*. Upon review of the sworn Petition, the pleadings, and the applicable law, the Court finds as follows:

1. The Verified Petition conforms to the requirements of Virginia Code § 8.01-114(A), including a description of the specific personal property sought, the basis of CBCBN's entitlement to immediate possession, the estimated fair market value of the property, and specific facts supporting grounds for pretrial seizure under Virginia Code § 8.01-534.

2. The property consists of approximately 5,800 boxes of CBCBN client and business records, comprising approximately 3,743.4 cubic feet of records (the "Business Records"), presently located at Defendant's records-storage facility in Manassas Park, Virginia.

3. For purposes of the pretrial-seizure statutes, the estimated fair market value of the tangible Business Records is $5,800. The confidential, privileged, work-product, medical, financial,

litigation, settlement, and other information contained in the Business Records is unique and not susceptible to meaningful fair-market valuation.

4. CBCBN has established reasonable cause to believe that one or more grounds for pretrial seizure alleged in the Verified Petition exist and has established a substantial likelihood that CBCBN is entitled to immediate possession of the Business Records.

5. CBCBN has posted, or shall post before execution of this Order, the bond required by Virginia Code § 8.01-115 in the amount of $11,600, or such greater amount as the Court may direct.

**Accordingly, it is hereby ADJUDGED, ORDERED, AND DECREED as follows:**

1. The Verified Petition is GRANTED, subject to posting and approval of the bond required by Virginia Code § 8.01-115.

2. Pursuant to Virginia Code § 8.01-114, the Sheriff of Prince William County, or other proper entity (JK Moving) authorized by law, is DIRECTED to seize the Business Records described above from Defendant Retrievex Acquisition Corp. II d/b/a Access and to deliver the Business Records to CBCBN pendente lite.

3. Defendant, and its officers, employees, agents, contractors, and representatives, shall provide the Sheriff immediate and reasonable access to the areas of Defendant's facility in which the Business Records are stored and shall cooperate fully in identifying, locating, retrieving, staging, and producing every CBCBN box or Business Record.

4. Defendant shall provide to the Sheriff and CBCBN, at or before execution, a complete inventory of the Business Records sufficient to identify each box by barcode or other unique identifier and its then-current location and status. Defendant shall not withhold any CBCBN Business Record.

5. Because the volume of property makes physical handling and transportation by the Sheriff impracticable, the Sheriff is AUTHORIZED, to permit CBCBN's designated professional mover, JK Moving Services, LLC ("JK Moving") and its personnel to assist solely with the physical

handling, loading, transportation, and delivery of the Business Records after and as the Sheriff takes custody or control of the property. Any such assistance shall occur under the supervision and direction of the Sheriff or the Sheriff's designee. JK Moving shall have no independent authority to execute this Order, to determine what property is subject to seizure, or to enter or remain on Defendant's premises except as authorized by the Sheriff.

6. Defendant shall permit JK Moving, when acting under the Sheriff's supervision and direction pursuant to ¶ 5, reasonable access to loading docks, staging areas, elevators, hallways, and other portions of the facility reasonably necessary to remove and transport the Business Records. Defendant shall not impede or delay the orderly loading and removal of the Business Records.

7. All costs of JK Moving and other private transportation or handling services shall be borne initially by CBCBN, without prejudice to CBCBN's right to seek recovery of such costs as damages, taxable costs, or other relief if authorized by law.

8. Plaintiff's request to obtain the documents on September 14, 2026 or other date agreeable to the Plaintiff is GRANTED;

9. The Sheriff maintains control over the execution process until all Business Records subject to this Order have been delivered to CBCBN or its designated custodian.

10. Pending completion of the seizure and delivery, Defendant and all persons acting in concert with it are ENJOINED from destroying, altering, opening, reviewing, copying, imaging, transmitting, disclosing, transferring, relocating (except as directed by the Sheriff for purposes of execution), concealing, or otherwise disposing of or interfering with any Business Record, except to the minimum extent reasonably necessary to surrender the Business Records pursuant to this Order.

11. JK Moving shall be authorized to destroy all records it obtains.

12 The Sheriff shall make such return of this Order as required by Virginia law. This Order shall be issued and served together with the form for requesting a hearing on a claim of exemption from seizure as required by Virginia Code § 8.01-114(D).

13. Nothing in this Order prejudices any right Defendant may have under Virginia Code § 8.01-116 or other applicable law to seek return of the property upon the posting of the bond required by statute, nor does this Order adjudicate the ultimate merits of CBCBN's claims or Defendant's defenses.

14. The Court retains jurisdiction to resolve any dispute concerning execution of this Order, identification of the Business Records, the logistics of seizure and delivery, or compliance with this Order, and the parties may contact Chambers for prompt judicial resolution of any issue that threatens to delay or obstruct execution.

ENTERED this 4th day of September, 2026.

[signature] for
Judge, Prince William County Circuit Court
Hon. Kimberly A. Irving

SEEN AND PRESENTED:

Carla Brown

Carla D. Brown, VSB No. 44803
CHARLSON BREDEHOFT COHEN
BROWN & NADELHAFT, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800
cbrown@cbcblaw.com
*Counsel for Plaintiff*

A True Copy Teste
Prince William County Circuit Court
Jacqueline C. Smith, ESQ. Clerk
By: [signature]
Brenda Elford, Deputy Clerk Supervisor, Civil Division

Electronic Certification Made Pursuant to §17.1-258.3:2

# NOTICE TO DEBTOR — HOW TO CLAIM EXEMPTIONS

The attached paper is a legal process which has been issued by the court clerk on request of a creditor who holds a judgment against you or claims that you owe him money or property. This allows the Sheriff either to take or to "levy upon" (make a list of) certain property in your possession for future sale.

The law provides that some types of property and funds (including some wages) cannot be taken by legal process. Such property is exempt. The Sheriff may not take or "levy on" certain property (§§ 34-26 and 34-27 of the Code of Virginia). Some of these items are:

The family Bible; wedding and engagement rings; family portraits and family heirlooms not to exceed $5,000 in value; a lot in a burial ground; all wearing apparel of the householder not to exceed $1,000 in value; all household furnishings including, but not limited to, beds, dressers, floor coverings, stoves, refrigerators, washing machines, dryers, sewing machines, pots and pans for cooking, plates, and eating utensils, not to exceed $5,000 in value; firearms, not to exceed a total of $3,000 in value; all animals owned as pets, such as cats, dogs, birds, squirrels, rabbits and other pets not kept or raised for sale or profit; medically prescribed health aids; tools, books, instruments, implements, equipment and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this part ("occupation," includes enrollment in any public or private elementary, secondary, or vocational school or institution of higher education); motor vehicles, not held as exempt as necessary for use in the course of the householder's occupation or trade owned by the householder, not to exceed a total of $10,000 in value, except that a perfected security interest on a motor vehicle shall have priority over the claim of exemption under this part; those portions of a tax refund or government payment attributable to the Child Tax Credit or Additional Child Tax Credit pursuant to § 24 of the Internal Revenue Code of 1986, as amended, or the Earned Income Credit pursuant to § 32 of the Internal Revenue Code of 1986, as amended; unpaid spousal or child support.

The value of an item claimed as exempt shall be the fair market value of the item less any prior security interest. The monetary limits, where provided, are applicable to the total value of property claimed as exempt.

Exemptions which may apply are listed on the other side of this form and the items listed above can be claimed under No. 12. Please read these carefully.

If you believe that any of your property that the Sheriff wants to take or "levy upon" is exempt, you should tell the Sheriff the property that you believe is exempt and which exemption applies. You should also identify any property which belongs to someone else and who is the owner of such property. A false statement may be punished as contempt under §18.2-456(5) of the Code of Virginia.

If the Sheriff "levies on" or takes property that you believe is exempt, you should promptly (i) fill out the REQUEST FOR HEARING—EXEMPTION CLAIM form and (ii) deliver or mail the form to the clerk's office of this court. If the attached paper is an Attachment Summons, you have the right to a prompt hearing within ten business days from the date that you file your request for a hearing with the court. In all other cases, you must *ask* for a prompt hearing before the "Return Date" on the attached papers. If the attached paper is a Writ of Fieri Facias, the property may be sold by the Sheriff before the "Return Date;" therefore, if you wish to claim an exemption, you should ask immediately for a prompt hearing on your claim. At a prompt hearing, the only thing that you may do is explain why your property is exempt. If you do not come to court on the date and at the time set and prove that your property is exempt, you may lose some of your rights regarding your property.

If the Sheriff takes your property, you may post a bond to recover your property; however, once you post a bond, the creditor may post a bond to have the property kept from you. If you retain possession of any property "levied on," *it is your responsibility not* to sell, damage, or otherwise dispose of such property "levied on" until the proceedings are finished.

If the attached paper is an Attachment Summons, a Warrant of Distress, an Order of Seizure in Distress, a Warrant in Detinue or an Order for Detinue Seizure, no judgment has been entered against you yet. On the "Return Date" shown on the attached paper, your case will be tried or scheduled for trial. At that time, you may tell the judge any defenses you may have to the creditor's claims.

It may be helpful to you to *promptly* seek the advice of an attorney regarding this and other exemption rights.

**THE REQUEST FOR HEARING—EXEMPTION CLAIM FORM IS PRINTED ON THE OTHER SIDE.**

# REQUEST FOR HEARING – EXEMPTION CLAIM

Case No. ..................................

Commonwealth of Virginia VA. CODE § 8.01-546.1

.................................................................................................................... Court

.................................................................. v. ..................................................................

PLAINTIFF/JUDGMENT CREDITOR DEFENDANT/JUDGMENT DEBTOR

I claim that the exemption(s) that are checked below apply in this case:

## MAJOR EXEMPTIONS UNDER FEDERAL AND STATE LAW —

[There is no exemption solely because you are having difficulty paying your bills.]

.............. 1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).
.............. 2. Veteran's benefits (38 U.S.C. § 5301).
.............. 3. Federal civil service retirement benefits (5 U.S.C. § 8346).
.............. 4. Annuities to survivors of federal judges (28 U.S.C. § 376(n)).
.............. 5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).
.............. 6. Black lung benefits (30 U.S.C. §§ 931 (b)(2)(F) and 932(a)).

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

.............. 7. Seaman's, master's or fisherman's wages, except for child or spousal support and maintenance (46 U.S.C.A. § 11109).
.............. 8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia).

This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).

.............. 9. Portions or amounts of wages subject to garnishment (§ 34-29, Code of Virginia).
.............. 10. Public assistance payments (§ 63.2-506, Code of Virginia).
.............. 11. a. Homestead – $5,000, or $10,000 if the householder is 65 years of age or older, worth of cash, personal articles or real property and, in addition, real or personal property used as the principal residence of the householder or the householder's dependents not exceeding $50,000 in value (§§ 34-4, Code of Virginia) [Attach list of items claimed].
b. Property of disabled veterans – additional $10,000 worth of cash, personal articles or real property (§ 34-4.1, Code of Virginia) [Attach list of items claimed].

Exemptions listed under 11 may not be claimed in certain cases such as payment of child or spousal support, or the purchase of the article which is being taken or levied on (§ 34-5, Code of Virginia).

.............. 12. Certain specific articles — see description on reverse side (§§ 34-26 and 34-27, Code of Virginia) [Attach list of articles claimed].
.............. 13. Workers' Compensation (§ 65.2-531, Code of Virginia).
.............. 14. Growing crops (§ 8.01-489, Code of Virginia).
.............. 15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).
.............. 16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).
.............. 17. Assignments of certain salary and wages (§ 8.01-525.10, Code of Virginia).
.............. 18. Pre-need funeral contracts (§ 54.1-2823, Code of Virginia).
.............. 19. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).
.............. 20. Certain retirement benefits (§ 34-34, Code of Virginia).
.............. 21. Other (describe exemption): ..................................................................................

I request a court hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

....................................................................................................................................

ADDRESS TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

.......................................... ______________________________

DATE SIGNATURE OF DEFENDANT/JUDGMENT DEBTOR

FILED

2026 SEP -8 AM 8:04

[illegible]

BY BE DEPUTY

V I R G I N I A :

IN THE PRINCE WILLIAM COUNTY CIRCUIT COURT

| | | |
|---|---|---|
| CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C.<br><br>Plaintiff,<br><br>v.<br><br>RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS<br><br>Defendant. | ) | Case No. CL26008905-00 |

**EMERGENCY MOTION FOR RELIEF**

Retrievex Acquisition Corp. II d/b/a Access ("Access") is withholding 5,800 boxes of attorney-client communications and attorney work product, and it needs to immediately return those boxes to Charlson Bredehoft Cohen Brown & Nadelhaft, P.C. (CBCBN), but Access will not return CBCBN's privileged files without a court order. Accordingly, CBCBN requests that this Court enforce its September 4, 2026 Order. In support, it states:

1. On September 3, 2026, CBCBN filed suit to recover 5,800 boxes worth of its attorney-client communications and attorney work product. The business records include attorney-client privileged communications, attorney work product, attorney mental impressions and litigation strategy, confidential discovery materials, medical and financial records, settlement communications and agreements, billing records, client intake materials, and other highly sensitive information.

2. As part of its suit, CBCBN filed a verified petition in detinue under Va. Code § 8.01-114, which is the statutory mechanism for obtaining a pretrial seizure of unlawfully withheld personal property.

3. The detinue petition included a request for expedited *ex parte* review, which the statute allows under subpart B. Specifically, it provides for expedited, *ex parte* review so long as (i) the petition describes the property and the basis for recovering it with enough detail to put the defendant on notice; (ii) there is reasonable cause to believe the grounds for seizure exist; and (iii) the plaintiff has posted a bond for the property.

4. The Court granted the verified petition on September 4, 2026 because CBCBN met all criteria.

5. On September 11, 2026, the Court issued an order vacating the September 4, 2026 Order.

6. That Order vacated the September 4 Order for three reasons: (i) inadequate service; (ii) notice and time for Defendant to file an exemption claim; and (iii) lack of specificity as to the property the Seriff was to seize.

7. As to service, on September 8, 2026 (the same day CBCBN received the Order from the Court), CBCBN served Access by private process server, Attachment 1. CBCBN served Access by the Sherriff on September 11, 2026. Moreover, Access consented and conceded adequate service when it contacted the Court to enter its appearance and foreshadow its own upcoming filings. *See* Email of 9/11/26 from J. Camacho to C. Carre, Judges Chambers, Attachment 2.

8. As for the exemption claim, Va. Code §8.01-119(A) contemplates that the seizure order be obtained *ex parte* and then a hearing be held within 30 days after the entry of the order, with plaintiff posting a bond as security. On September 3, 2026, Plaintiff properly posted the bond, Attachment 3.

9. Moreover, Access can file any claimed exemption while CBCBN possesses its files - the two are not mutually exclusive. Access cannot – and does not – claim a right to possess the files. But not only are the two not mutually exclusive, Access' exemption claim does not override CBCBN's statutory right to obtain expedited, *ex parte* relief. And Access' exemption claim is protected by the bond that CBCBN posted.

10. The property was also adequately described as the 5,800 boxes that are labeled with CBCBN's name, initials, or account number. Access provided the labels with CBCBN's account number for the boxes which CBCBN affixed to boxes prior to sending them to off-site storage. The boxes are adequately labeled. Moreover, Access' function is to manage paper files like these—it knows exactly what files belong to CBCBN.

11. In addition, to aid the Sherriff, CBCBN arranged to have JK Moving available with 10-15 individuals to collect the boxes and handle the transportation.

12. As it stands, Access continues to unlawfully withhold CBCBN's business records, and there is currently no Order compelling Access to return them.

CBCBN therefore requests that Court enter an order in the form of its September 4, 2026 Order, Attachment 4, so that CBCBN can repossess its business records. Whatever relief Access seeks can occur once the property has been returned.

September 14, 2026

Respectfully submitted,

CHARLSON BREDEHOFT COHEN
BROWN & NADELHAFT, P.C.

By: */S/ CARLA D. BROWN*
Carla D. Brown, VSB No. 44803
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
cbrown@cbcblaw.com
(703) 318-6800 Telephone
(703) 318-6808 Facsimile
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2026, a true and correct copy of the foregoing was filed using the Court's VJEFS electronic filing system, and that a copy was also sent by email to counsel for Defendant addressed as follows:

Jeremy D. Camacho, Esq.
Peggy McCoy, Esq.
GORDON REES SCULLY
MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
(202) 372-9096
jcamacho@grsm.com
pmccoy@grsm.com

Craig J. Mariam, Esq.
GORDON REES SCULLY
MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
(213) 576-5000
cmariam@gordonrees.com

*Counsel for Defendant Retrievex Acquisition Corp. II d/b/a Access*

/S/ CARLA D. BROWN
Carla D. Brown, VSB No. 44803
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
cbrown@cbcblaw.com
(703) 318-6800 Telephone
(703) 318-6808 Facsimile
*Counsel for Plaintiff*

Uploaded: 2026SEP11 09:18 Filed By: LHOFF on behalf of Bar# 44803 CBROWN Reference: EF-215904
eFiled: 2026SEP11 PRINCE WILLIAM CC SBAIRD at 2026SEP11 09:23 CL26008905-00


CBCB-p william--104747 *1022313*

# VIRGINIA
# IN THE PRINCE WILLIAM CIRCUIT COURT CIVIL DIVISION

Charlson Bredehoft Cohen Brown & Nadelhaft, P.C. PLAINTIFF

VS.

Retrievex Acquisition Corp. II d/b/a Access DEFENDANT

CASE NO: CL26008905-00
CLIENT NO:

## AFFIDAVIT OF SERVICE

I, the undersigned, do hereby state that I am a person eighteen years or older and not a party otherwise interested in the subject matter of the controversy.

Said service to, **Retrievex Acquisition Corp. II d/b/a Access Serve: CT Corporation System**, was effected for Charlson Bredehoft Cohen Brown & Nadelhaft P.C. at **4701 Cox Road, Suite 285, Glen Allen, VA 23060** on **09/08/2026 02:00 PM** with a copy of the:

[**X**] SUMMONS- CIVIL ACTION, COMPLAINT, ORDER GRANTING PRETRIAL SEIZURE AND DELIVERY OF PROPERTY PENDENTE LITE: for a court return date of in the following manner:

[**X**] Personal Service x Lauren Everett, Agent
[] Substitute Service x ______

Being unable to make personal service, a copy was delivered in the following manner:
[] Delivered to a family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.

Name: ______ Age: ______ Relation: ______
[] Posted on front door or such other door as appears to be the main entrance to usual place of abode.
[] Served on Secretary of the Commonwealth x ______
[] Pursuant to 5 U.S.C. & 5520a, served by certified or registered mail, return receipt requested.
[] Not Found
[] No Service

() Copy mailed to judgment debtor after serving the garnishee
On date of service unless a different date of mailing is known
______

Samuel Gwaltney
Process Server- Print & Sign
804-421-2773
M.T.G. Process Servers LLC
8012 Midlothian Tnpk, Ste 200
North Chesterfield, VA 23235

Comments:

Commonwealth of Virginia, County of Chesterfield
Subscribed and Sworn/Affirmed before me this 9 day of Sept, 2026

KARI NICHOLE LAMBERT NOTARY PUBLIC REG # 8044892 MY COMMISSION EXPIRES 06/30/2028 COMMONWEALTH OF VIRGINIA

*1022313*

# Service Authorization
# CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:

"Registered office and registered agent.

A....

B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lauren Everett Nikolas Williams Rockayla Marable Jessica Fitzgerald

This authorization does not certify the receipt or acceptance of any specific process

[signature]

Lauren Everett
Fulfillment Associate
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lauren Everett, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 26 day of March, 2026.

[signature]

Notary Public

ARMAN AHMED NOTARY PUBLIC REG # 00380217 MY COMMISSION EXPIRES 05/31/2029 COMMONWEALTH OF VIRGINIA

Service: PRINCE WILLIAM CC CWHITLEY at 2026SEP02 15:40 CL26008905-00

MAKE RETURN ON THIS COPY

**SERVICE OTHER THAN BY VIRGINIA SHERIFF**
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. CL26008905-00
Service No. 1 (Clerk's use only)

PRINCE WILLIAM Circuit Court

CHARLSON BREDEHOFT COHEN BROWN v. RETRIEVEX ACQUISITION CORP. II

RETRIEVEX ACQUISITION CORP. II, CT CORPORATION SYSTEM, 4701 COX ROAD, SUITE 285, GLEN ALLEN, VA 23060-

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[x] COMPLAINT

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

or,

[x] I am a private process server (list name, address and telephone number below). MTG Process Servers, LLC, 8012 Midlothian Tnpk, Suite 200, North Chesterfield, VA 23235

Samuel Gwaltney

or,

[ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing. I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process. (List name, title and agency below.)

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

— Date and time of service: 9/8/26 @ 2:00 pm

— Place of service: 4701 Cox Rd, Ste 285, Glen Allen, VA 23060
STREET ADDRESS, CITY AND STATE

— Method of service:

[x] Personal Service | [ ] Not Found

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

[ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

DATE OF MAILING

KELLI ANNETTE HOLDER NOTARY PUBLIC REG # 00362578 MY COMMISSION EXPIRES 02/28/2029 COMMONWEALTH OF VIRGINIA

9/10/26
DATE

SIGNATURE

State/Commonwealth of Virginia, [ ] City [x] County of Chesterfield

Subscribed and sworn to/affirmed before me this 10th day of September, 2026

by Samuel Gwaltney, PPS
PRINT NAME OF SIGNATORY TITLE

9-10-26
DATE

NOTARY PUBLIC (My commission expires 2-28-2029)
Registration No. 00362578

FORM CC-1407 MASTER 07/18

ATTACHMENT 2

**From:** Jeremy Camacho
**To:** CircuitCourt@pwcgov.org; ccarre@pwcgov.org
**Cc:** Craig Mariam; Peggy McCoy; Carla Brown; Carla Brown
**Subject:** Re: Retrievex Acquisition Corp. adv. CBCBN (9.14.2026 Pretrial Seizure)
**Date:** Friday, September 11, 2026 4:51:04 PM

Good afternoon:

We are preparing for filing in Case No. CL26008905-00 an emergency motion in case titled Charlson Bredehoft Cohen Brown & Nadelhaft, P.C. v. Retrievex Acquisition Corp. II d/b/a Access. We were engaged yesterday as counsel and will be filing Defendant's Emergency Motion to Modify the Order Granting Pretrial Seizure, to Stay Execution Pending Hearing, and for a Prompt Hearing Under Virginia Code § 8.01-119, corresponding exhibits, and a proposed Order Modifying Order Granting Pretrial Seizure and Setting Schedule for Execution. It is likely to be filed after hours today.

The Order Granting Pretrial Seizure entered September 4, 2026 sets execution for Monday, September 14, 2026, and we respectfully ask that a hearing on these papers be docketed for Monday. We will file a corresponding praecipe as well. If appropriate, we will be filing only by this email and are not sending copies to Chambers or by any other route. Counsel for Plaintiff will be served as reflected in the certificates of service.

Please let us know if anything further is needed to complete the filing.

Thank you.

**JEREMY D. CAMACHO**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 202.372.9096 | **M:** 571.351.0973
**E:** jcamacho@grsm.com | grsm.com
277 S. Washington Street, Suite 550, Alexandria, VA 22314
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly

prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**ATTACHMENT 3**

VIRGINIA:

IN THE PRINCE WILLIAM COUNTY CIRCUIT COURT

| | | |
|---|---|---|
| CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C.<br><br>Plaintiff,<br><br>v.<br><br>RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS<br><br>Defendant. | ) | Case No. CL26008905-00 |

**PLAINTIFF'S BOND FOR PRETRIAL DETINUE SEIZURE**
**(Va. Code §§ 8.01-115 and 8.01-537.1)**

KNOW ALL PERSONS BY THESE PRESENTS, that Plaintiff CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C. ("CBCBN")is held and firmly bound unto Defendant RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS ("Access"), in the penal sum of ELEVEN THOUSAND SIX HUNDRED DOLLARS ($11,600.00), for the payment of which CBCBN binds itself according to law.

WHEREAS, CBCBN has filed a Verified Petition in Detinue for Pretrial Seizure pursuant to Va. Code § 8.01-114, *et seq.* seeking pretrial seizure and possession pendente lite of approximately 5,800 boxes of hard-copy client and business records (the "Business Records"), for which CBCBN has stated an estimated fair market value of $5,800.00 for purposes of the statutory seizure proceeding; and

NOW, THEREFORE, the condition of this Bond is that CBCBN shall:

1. Pay all costs and damages that may be awarded against CBCBN, or sustained by any person, by reason of a wrongful pretrial seizure, as required by Va. Code § 8.01-537.1(D); and

2. Redeliver the Business Records so seized to Access, or to the person from whose possession they were taken, if the right to possession is adjudged against CBCBN, as required by Va. Code § 8.01-115.

If CBCBN satisfies the foregoing conditions, this obligation shall be void; otherwise, it shall remain in full force and effect according to law.

This Bond is furnished for pretrial seizure under Va. Code §§ 8.01-114, 8.01-115, and 8.01-537.1 and is subject to approval by the judge or magistrate as required by law.

WITNESS the following signatures and seals this ____ day of September, 2026.

CHARLSON BREDEHOFT COHEN
BROWN & NADELHAFT, P.C.

By: Carla Brown

Carla D. Brown, Member

**APPROVED:** DENNIS LEE HUPP
Judge Designate

[signature] Date: September 3 2026

Judge / Magistrate

Bond posted in the amount of $11,600.00 pursuant to Va. Code §§ 8.01-115 and 8.01-537.1.

Form of bond: ☐ Approved Surety Bond **X** Cash Bond ☐ Property Bond

Clerk certification/endorsement (if applicable): ______________________________

FILED

2026 SEP -3 AM 9:35

CIRCUIT COURT CLERKS OFFICE
PRINCE WILLIAM COUNTY, VA

BY WS DEPUTY

ATTACHMENT 4

Certified, Prince William Circuit, Jacqueline C. Smith, Esquire, Clerk, Verify at https://risweb.vacourts.gov/jsra/CdvAct/ (Document ID:153-42760)

VIRGINIA:

IN THE PRINCE WILLIAM COUNTY CIRCUIT COURT

| | |
|---|---|
| CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C.<br><br>Plaintiff,<br><br>v.<br><br>RETRIEVEX ACQUISITION CORP. II d/b/a ACCESS<br><br>Defendant. | Case No. CL26008905-00 |

**ORDER GRANTING PRETRIAL SEIZURE AND DELIVERY OF PROPERTY PENDENTE LITE**

THIS MATTER CAME BEFORE THE COURT on Plaintiff Charlson Bredehoft Cohen Brown & Nadelhaft, P.C.'s ("CBCBN") Verified Petition in Detinue for Pretrial Seizure pursuant to Virginia Code §§ 8.01-114 *et seq*. Upon review of the sworn Petition, the pleadings, and the applicable law, the Court finds as follows:

1. The Verified Petition conforms to the requirements of Virginia Code § 8.01-114(A), including a description of the specific personal property sought, the basis of CBCBN's entitlement to immediate possession, the estimated fair market value of the property, and specific facts supporting grounds for pretrial seizure under Virginia Code § 8.01-534.

2. The property consists of approximately 5,800 boxes of CBCBN client and business records, comprising approximately 3,743.4 cubic feet of records (the "Business Records"), presently located at Defendant's records-storage facility in Manassas Park, Virginia.

3. For purposes of the pretrial-seizure statutes, the estimated fair market value of the tangible Business Records is $5,800. The confidential, privileged, work-product, medical, financial,

litigation, settlement, and other information contained in the Business Records is unique and not susceptible to meaningful fair-market valuation.

4. CBCBN has established reasonable cause to believe that one or more grounds for pretrial seizure alleged in the Verified Petition exist and has established a substantial likelihood that CBCBN is entitled to immediate possession of the Business Records.

5. CBCBN has posted, or shall post before execution of this Order, the bond required by Virginia Code § 8.01-115 in the amount of $11,600, or such greater amount as the Court may direct.

**Accordingly, it is hereby ADJUDGED, ORDERED, AND DECREED as follows:**

1. The Verified Petition is GRANTED, subject to posting and approval of the bond required by Virginia Code § 8.01-115.

2. Pursuant to Virginia Code § 8.01-114, the Sheriff of Prince William County, or other proper entity (JK Moving) authorized by law, is DIRECTED to seize the Business Records described above from Defendant Retrievex Acquisition Corp. II d/b/a Access and to deliver the Business Records to CBCBN pendente lite.

3. Defendant, and its officers, employees, agents, contractors, and representatives, shall provide the Sheriff immediate and reasonable access to the areas of Defendant's facility in which the Business Records are stored and shall cooperate fully in identifying, locating, retrieving, staging, and producing every CBCBN box or Business Record.

4. Defendant shall provide to the Sheriff and CBCBN, at or before execution, a complete inventory of the Business Records sufficient to identify each box by barcode or other unique identifier and its then-current location and status. Defendant shall not withhold any CBCBN Business Record.

5. Because the volume of property makes physical handling and transportation by the Sheriff impracticable, the Sheriff is AUTHORIZED, to permit CBCBN's designated professional mover, JK Moving Services, LLC ("JK Moving") and its personnel to assist solely with the physical

handling, loading, transportation, and delivery of the Business Records after and as the Sheriff takes custody or control of the property. Any such assistance shall occur under the supervision and direction of the Sheriff or the Sheriff's designee. JK Moving shall have no independent authority to execute this Order, to determine what property is subject to seizure, or to enter or remain on Defendant's premises except as authorized by the Sheriff.

6. Defendant shall permit JK Moving, when acting under the Sheriff's supervision and direction pursuant to ¶ 5, reasonable access to loading docks, staging areas, elevators, hallways, and other portions of the facility reasonably necessary to remove and transport the Business Records. Defendant shall not impede or delay the orderly loading and removal of the Business Records.

7. All costs of JK Moving and other private transportation or handling services shall be borne initially by CBCBN, without prejudice to CBCBN's right to seek recovery of such costs as damages, taxable costs, or other relief if authorized by law.

8. Plaintiff's request to obtain the documents on September 14, 2026 or other date agreeable to the Plaintiff is GRANTED;

9. The Sheriff maintains control over the execution process until all Business Records subject to this Order have been delivered to CBCBN or its designated custodian.

10. Pending completion of the seizure and delivery, Defendant and all persons acting in concert with it are ENJOINED from destroying, altering, opening, reviewing, copying, imaging, transmitting, disclosing, transferring, relocating (except as directed by the Sheriff for purposes of execution), concealing, or otherwise disposing of or interfering with any Business Record, except to the minimum extent reasonably necessary to surrender the Business Records pursuant to this Order.

11. JK Moving shall be authorized to destroy all records it obtains.

12 The Sheriff shall make such return of this Order as required by Virginia law. This Order shall be issued and served together with the form for requesting a hearing on a claim of exemption from seizure as required by Virginia Code § 8.01-114(D).

13. Nothing in this Order prejudices any right Defendant may have under Virginia Code § 8.01-116 or other applicable law to seek return of the property upon the posting of the bond required by statute, nor does this Order adjudicate the ultimate merits of CBCBN's claims or Defendant's defenses.

14. The Court retains jurisdiction to resolve any dispute concerning execution of this Order, identification of the Business Records, the logistics of seizure and delivery, or compliance with this Order, and the parties may contact Chambers for prompt judicial resolution of any issue that threatens to delay or obstruct execution.

ENTERED this 4th day of September, 2026.

for

Judge, Prince William County Circuit Court

Hon. Kimberly A. Irving

SEEN AND PRESENTED:

Carla Brown

Carla D. Brown, VSB No. 44803
CHARLSON BREDEHOFT COHEN
BROWN & NADELHAFT, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800
cbrown@cbcblaw.com
*Counsel for Plaintiff*

A True Copy Teste
Prince William County Circuit Court
Jacqueline C. Smith, ESQ, Clerk
By: Brenda Elford
Brenda Elford, Deputy Clerk Supervisor, Civil Division

Electronic Certification Made Pursuant to §17.1-258.3:2

# NOTICE TO DEBTOR — HOW TO CLAIM EXEMPTIONS

The attached paper is a legal process which has been issued by the court clerk on request of a creditor who holds a judgment against you or claims that you owe him money or property. This allows the Sheriff either to take or to "levy upon" (make a list of) certain property in your possession for future sale.

The law provides that some types of property and funds (including some wages) cannot be taken by legal process. Such property is exempt. The Sheriff may not take or "levy on" certain property (§§ 34-26 and 34-27 of the Code of Virginia). Some of these items are:

The family Bible; wedding and engagement rings; family portraits and family heirlooms not to exceed $5,000 in value; a lot in a burial ground; all wearing apparel of the householder not to exceed $1,000 in value; all household furnishings including, but not limited to, beds, dressers, floor coverings, stoves, refrigerators, washing machines, dryers, sewing machines, pots and pans for cooking, plates, and eating utensils, not to exceed $5,000 in value; firearms, not to exceed a total of $3,000 in value; all animals owned as pets, such as cats, dogs, birds, squirrels, rabbits and other pets not kept or raised for sale or profit; medically prescribed health aids; tools, books, instruments, implements, equipment and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this part ("occupation," includes enrollment in any public or private elementary, secondary, or vocational school or institution of higher education); motor vehicles, not held as exempt as necessary for use in the course of the householder's occupation or trade owned by the householder, not to exceed a total of $10,000 in value, except that a perfected security interest on a motor vehicle shall have priority over the claim of exemption under this part; those portions of a tax refund or government payment attributable to the Child Tax Credit or Additional Child Tax Credit pursuant to § 24 of the Internal Revenue Code of 1986, as amended, or the Earned Income Credit pursuant to § 32 of the Internal Revenue Code of 1986, as amended; unpaid spousal or child support.

The value of an item claimed as exempt shall be the fair market value of the item less any prior security interest. The monetary limits, where provided, are applicable to the total value of property claimed as exempt.

Exemptions which may apply are listed on the other side of this form and the items listed above can be claimed under No. 12. Please read these carefully.

If you believe that any of your property that the Sheriff wants to take or "levy upon" is exempt, you should tell the Sheriff the property that you believe is exempt and which exemption applies. You should also identify any property which belongs to someone else and who is the owner of such property. A false statement may be punished as contempt under §18.2-456(5) of the Code of Virginia.

If the Sheriff "levies on" or takes property that you believe is exempt, you should promptly (i) fill out the REQUEST FOR HEARING—EXEMPTION CLAIM form and (ii) deliver or mail the form to the clerk's office of this court. If the attached paper is an Attachment Summons, you have the right to a prompt hearing within ten business days from the date that you file your request for a hearing with the court. In all other cases, you must *ask* for a prompt hearing before the "Return Date" on the attached papers. If the attached paper is a Writ of Fieri Facias, the property may be sold by the Sheriff before the "Return Date;" therefore, if you wish to claim an exemption, you should ask immediately for a prompt hearing on your claim. At a prompt hearing, the only thing that you may do is explain why your property is exempt. If you do not come to court on the date and at the time set and prove that your property is exempt, you may lose some of your rights regarding your property.

If the Sheriff takes your property, you may post a bond to recover your property; however, once you post a bond, the creditor may post a bond to have the property kept from you. If you retain possession of any property "levied on," *it is your responsibility not* to sell, damage, or otherwise dispose of such property "levied on" until the proceedings are finished.

If the attached paper is an Attachment Summons, a Warrant of Distress, an Order of Seizure in Distress, a Warrant in Detinue or an Order for Detinue Seizure, no judgment has been entered against you yet. On the "Return Date" shown on the attached paper, your case will be tried or scheduled for trial. At that time, you may tell the judge any defenses you may have to the creditor's claims.

It may be helpful to you to *promptly* seek the advice of an attorney regarding this and other exemption rights.

**THE REQUEST FOR HEARING—EXEMPTION CLAIM FORM IS PRINTED ON THE OTHER SIDE.**

**REQUEST FOR HEARING – EXEMPTION CLAIM** Case No. ...............................

Commonwealth of Virginia VA. CODE § 8.01-546.1

.............................................................................................................................. Court

.............................................................. v. ..............................................................

PLAINTIFF/JUDGMENT CREDITOR DEFENDANT/JUDGMENT DEBTOR

I claim that the exemption(s) that are checked below apply in this case:

## MAJOR EXEMPTIONS UNDER FEDERAL AND STATE LAW —

[There is no exemption solely because you are having difficulty paying your bills.]

.............. 1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).
.............. 2. Veteran's benefits (38 U.S.C. § 5301).
.............. 3. Federal civil service retirement benefits (5 U.S.C. § 8346).
.............. 4. Annuities to survivors of federal judges (28 U.S.C. § 376(n)).
.............. 5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).
.............. 6. Black lung benefits (30 U.S.C. §§ 931 (b)(2)(F) and 932(a)).

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

.............. 7. Seaman's, master's or fisherman's wages, except for child or spousal support and maintenance (46 U.S.C.A. § 11109).
.............. 8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia).

This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).

.............. 9. Portions or amounts of wages subject to garnishment (§ 34-29, Code of Virginia).
.............. 10. Public assistance payments (§ 63.2-506, Code of Virginia).
.............. 11. a. Homestead – $5,000, or $10,000 if the householder is 65 years of age or older, worth of cash, personal articles or real property and, in addition, real or personal property used as the principal residence of the householder or the householder's dependents not exceeding $50,000 in value (§§ 34-4, Code of Virginia) [Attach list of items claimed].
b. Property of disabled veterans – additional $10,000 worth of cash, personal articles or real property (§ 34-4.1, Code of Virginia) [Attach list of items claimed].

Exemptions listed under 11 may not be claimed in certain cases such as payment of child or spousal support, or the purchase of the article which is being taken or levied on (§ 34-5, Code of Virginia).

.............. 12. Certain specific articles — see description on reverse side (§§ 34-26 and 34-27, Code of Virginia) [Attach list of articles claimed].
.............. 13. Workers' Compensation (§ 65.2-531, Code of Virginia).
.............. 14. Growing crops (§ 8.01-489, Code of Virginia).
.............. 15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).
.............. 16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).
.............. 17. Assignments of certain salary and wages (§ 8.01-525.10, Code of Virginia).
.............. 18. Pre-need funeral contracts (§ 54.1-2823, Code of Virginia).
.............. 19. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).
.............. 20. Certain retirement benefits (§ 34-34, Code of Virginia).
.............. 21. Other (describe exemption): ..........................................................................

I request a court hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

..............................................................................................................................

ADDRESS TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

.......................................

DATE SIGNATURE OF DEFENDANT/JUDGMENT DEBTOR

FILED

2026 SEP -8 AM 8: 04

BY ____ DEPUTY

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY**

| | | |
|---|---|---|
| **CHARLSON BREDEHOFT COHEN BROWN & NADELHAFT, P.C.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CL26-8905-00** |
| | ) | |
| **RETRIEVEX ACQUISITION CORP. II,** | ) | |
| **Defendant.** | ) | |

**ORDER**

THIS MATTER came before the Court on the 4th day of September, 2026, at which time this Court entered an Order Granting Pretrial Seizure and Delivery of Property Pendente Lite; and

IT APPEARING that there was inadequate service on the Defendant, and that the Order did not allow timely notice for the Defendant to file an exemption claim, as permitted by law; and

IT FURTHER APPEARING that the Order lacked specificity as to precisely which property the Sheriff was to seize;

IT IS HEREBY ORDERED that the September 4, 2026 Order is VACATED, without prejudice to the Plaintiff's right to refile once proper and timely service is made and the property is adequately identified.

The Clerk is directed to send a copy of this Order to all counsel of record.

ENTERED THIS 11th DAY OF September, 2026.

The Honorable Robert P. Coleman
Circuit Court Judge

*Pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia, the requirement of endorsement by the parties is dispensed with by the Court.